IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JOSEPH MATHEWS,

    Plaintiff,

v.                                CIVIL ACTION NO. 1:06-0105
                                   (Criminal No. 1:04-00072)

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    Pending before the court is plaintiff's motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.  By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Findings and Recommendation on December 11, 2008, in which he recommended that the District Court deny plaintiff's motion under 28 U.S.C. § 2255 to the extent it alleged claims other than ineffective assistance of counsel based on counsel's alleged failure to file an appeal and alleged failure to object to the drug quantities attributed to Mathews in the presentence report.

    In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file

such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).  Plaintiff timely filed objections.[1]

By Order entered January 15, 2009, Magistrate Judge VanDervort directed the United States to file an Answer - - no later than January 26, 2009 - - to Mathews' allegations that his trial attorney failed to object to the total drug quantity attributed to him at sentencing and failed to timely file an appeal.  On January 23, 2009, the United States requested an extension of time in which to file its Answer.  Magistrate Judge VanDervort granted the government's motion and set a February 25, 2009, deadline for the filing of an Answer.  On February 24, 2009, the United States sought yet another extension of time in which to file its Answer.  The reason given for the requested extension was its failure to obtain an affidavit from Mathews' trial counsel.

By Order entered February 25, 2009, the court granted the government's motion and, in addition, scheduled an evidentiary hearing for March 6, 2009.  Magistrate Judge VanDervort further directed Timothy Lupardus, Mathews' trial counsel, to appear at the March 6, 2009, hearing and to "bring with him all documents evidencing his communications and conversations with [Mathews] about appealing [his] conviction and sentence."[2]

---

[1] Based on the ruling herein, the court does not reach the merits of plaintiff's objections.

[2] Mr. Mathews was also directed to have all documents regarding the substance of his communications with Mr. Lupardus as to the matters underlying the ineffective assistance of

On March 5, 2009, the United States filed an extremely brief Answer to the § 2555 motion in which it stated that it still had not received an affidavit from Mr. Lupardus and requested "the right to supplement this Answer following receipt of the affidavit or after an evidentiary hearing in this matter." Answer at 1.

On March 6, 2009, the court held an evidentiary hearing. Both Mr. Lupardus and Mr. Mathews testified at the hearing. According to Mr. Lupardus:

> A.   The sentencing was on April 11th.  Judge Faber did not enter the sentencing order or the judgment until April 20th.  On April 21st, Mr. Mathews telephoned the office, spoke with my secretary, Karen, who put me on the phone to speak with Mr. Mathews.  The purpose of the conversation was to discuss the direct plea.  What my note from that date says is that I got on the phone with him to discuss the relative merits of filing an appeal, and that at the end of that conversation, he elected not to proceed with an appeal.
>
> * * *
>
> Q.   At some point subsequent to that conversation with Mr. Mathews, did you once again have a conversation with him regarding whether or not you had filed a direct appeal on his behalf?
>
> A.   Sir, I have a letter from him asking about not whether I had filed one.  The letter presumed that I had and asked how it was proceeding.  We sent him a letter back that said there wasn't one, call me.
>
> * * *
>
> Q.   What was the substance of the letter that you sent back to him in response to his letter asking about the status of his appeal?

---

counsel claims with him at the hearing.

>     A.   There's no appeal.  We had a talk on April 21st
>     which I thought we agreed that you were not going to
>     pursue an appeal.  Call me if this is incorrect.
>     I did not get a phone call.  I got another letter.

Tr. 15-17.

The only documentation Mr. Lupardus had concerning these conversations was a file summary from his database.[3]  He could not locate Mr. Mathews' file nor did he have the letters he received from Mr. Mathew or copies of the letters he sent to him.

As to the April 21, 2005, phone conversation in which Mr. Lupardus stated he understood Mr. Mathews communicated to him his desire to forego an appeal, he did not follow up with a letter to Mathews confirming his understanding.  Tr. 23.[4]  Mr. Lupardus further testified:

>     Can I sit here and say with 100 percent certainty that
>     his mind and mine met when we had that conversation on
>     April 21st?  I don't think anyone could ever say that,
>     especially with someone filing a motion later saying,
>     hey, that's not what I thought, okay?
>
>          Did I think on April 21st when I had that
>     conversation that I was directed to go file an appeal,
>     no, ma'am, I didn't.
>
>          Can I tell you with 100 percent certainty that Mr.
>     Mathews . . . that Mr. Mathews intended for that to be
>     my - - I don't know what he was thinking, okay?

---

[3] Mr. Lupardus did not bring a printout from his database with him to the hearing.  The United States offered it as an exhibit to the brief it filed <u>after</u> the hearing.  Accordingly, counsel for Mr. Mathews did not have it to use during her cross-examination of Mr. Lupardus.

[4] Mr. Lupardus testified that he now has a process in place in which he confirms in writing a criminal defendant's intention with respect to an appeal.  Tr. 50.  That process was not in place during his representation of Mr. Mathews.  <u>See</u> <u>id.</u>

Tr. 50-51

Mr. Mathews testified that it was his understanding after the April 21, 2005, conversation with Mr. Lupardus that Mr. Lupardus was going to file an appeal on his behalf. Tr. 28, 30. Mr. Mathews testified that he told Mr. Lupardus to file an appeal. Tr. 31.[5]

The court concludes that there was obviously a misunderstanding between Mr. Lupardus and Mr. Mathews regarding Mr. Mathews' wishes with respect to an appeal. The letters that Mr. Mathews sent to Mr. Lupardus months after his sentencing show that Mr. Mathews believed that his appeal was pending.

"An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000); Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). In United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), the Fourth Circuit held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding

---

[5] In its brief, the United States argues that "[i]t is clear from the record that . . . defendant informed [Lupardus] of his decision not to pursue an appeal." Government's Brief 9-10. The court does not share the government's assessment of the evidence.

that the lost appeal may not have had a reasonable probability of success."[6] To remedy the violation, a district court should vacate the original judgment and enter a new judgment from which an appeal may be taken. See id.

Based on the foregoing, the court hereby VACATES Mathews' judgment order. The judgment will be re-entered on this date by separate order. The Clerk is DIRECTED to file a Notice of Appeal in Mathews' criminal case on his behalf. In view of the above ruling, the court finds the pending motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody to be MOOT and the Clerk is directed to remove it from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff and counsel of record.

**IT IS SO ORDERED** this 31st day of March, 2009.

ENTER:

David A. Faber
Senior United States District Judge

---

[6] The court does not address whether defendant has meritorious grounds for appeal. However, it is clear that some of the issues he raised in his § 2255 motion are without merit. For example, Mathews complained that the court violated Fed. R. Crim. P. 32 by failing to inquire whether he had an opportunity to read and discuss the presentence report. But at the March 6, 2009, evidentiary hearing, Mathews testified that the court inquired of him whether he had any objections to the presentence report. Tr. 32, 35.

6